UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
CHRISTINA CANNARD-SEWARD,

        Plaintiff,

   -v-                                    No. 09 Civ. 9565 (LTS) (FM)

GIRL SCOUTS OF THE UNITED
STATES OF AMERICA,

        Defendant.
------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 28 SEP 2011

## ORDER

       Plaintiff Christina Cannard-Seward ("Plaintiff"), proceeding pro se, brings this age discrimination in employment claim against the Girl Scouts of the United States of America ("Defendant"), alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq., the New York City Human Rights Law, N.Y.C. Admin. Code. § 8-101 et seq., and New York State common law. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. Defendant has moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

       A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The statement should be plain so that "the adverse party has fair notice of the claim asserted." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). The statement should be short because, when a pleading is too long and filled with unnecessary detail, the adverse party and the Court are forced to search through the non-essential information to figure out what, exactly, the pleader is trying to say. Id. In the instant

Copies mailed/faxed to _____
Chambers of Judge Swain

case, Plaintiff filed a 357-page Complaint, consisting of 797 paragraphs with multiple sub-paragraphs and over 600 pages of exhibits. After agreeing to file a shorter, more concise pleading, Plaintiff filed an Amended Complaint that, with exhibits, was still over 1,000 pages long. Her Amended Complaint is neither short nor plain and is, therefore, dismissed for failure to comply with Federal Rule of Civil Procedure 8, without prejudice to the filing of a Second Amended Complaint that meets the following requirements.

1. The Second Amended Complaint must be no longer than 80 pages long, including any exhibits (see also item "3" below);

2. The Second Amended Complaint must be double-spaced with 1" margins and use only one side of each sheet of paper;

3. Plaintiff does not need to file any exhibits or attachments with her Second Amended Complaint but, if she does, the entire submission – that is, the complaint, the exhibits and any other attachments – must be no longer than 80 pages in total;

4. The Second Amended Complaint must contain enough factual detail to give Defendant fair notice of Plaintiff's claim but should not contain unnecessary detail. This means that the Second Amended Complaint should indicate the nature of Plaintiff's claim, identify the law or laws that she asserts were violated, and clearly allege basic facts showing that the Defendant discriminated against her. Minute details of all of her interactions through the course of her employment are neither necessary nor appropriate at this stage; and

5. The Second Amended Complaint must be filed and served on Defendant within 30 days of the date of this Order.

In light of the Court's decision to grant Defendant's motion pursuant to Rule 8, the motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) is denied without prejudice.

If Plaintiff fails to serve and file a Second Amended Complaint meeting the requirements enumerated in this Order, within the time limit set by this Order, this case may be dismissed with prejudice and without further advance notice.

This Order resolves docket entry number 12.

SO ORDERED.

Dated: New York, New York
September 28, 2011

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge